**Guarnaschelli v East Riv. Med. Imaging, P.C.**

2025 NY Slip Op 31754(U)

May 13, 2025

Supreme Court, New York County

Docket Number: Index No. 656099/2023

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. PAUL A. GOETZ**

*Justice*

PART  **47**

------------------------------------------------------------------------------X

ROBERT GUARNASCHELLI, JOHN DUNNE, NICHOLAS CAROVILLANO,

Plaintiffs,

- v -

EAST RIVER MEDICAL IMAGING, P.C.,

Defendant.

------------------------------------------------------------------------------X

INDEX NO.  656099/2023

MOTION DATE  10/02/2024

MOTION SEQ. NO.  006

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63

were read on this motion to/for                ORDER MAINTAIN CLASS ACTION                .

In this class action, brought on behalf of patients of defendant whose personally identifying information and/or protected health information was accessed and exposed to unauthorized third parties through a data breach of defendant's records system, plaintiffs move unopposed for final approval of the parties' settlement agreement. After engaging in comprehensive settlement negotiations, the parties executed a settlement and release agreement on April 16, 2024 to resolve the case for $1,850,000 (NYSCEF Doc No 55). By decision and order dated June 24, 2024, the court preliminarily approved the settlement, conditionally certified the settlement class, and approved the proposed notice of settlement (NYSCEF Doc No 46). Pursuant to the June 24, 2024 order, plaintiffs' counsel caused the settlement administrator to send, via mail and e-mail, the notice of settlement to all class members identified on the class list. The settlement administrator received 20,403 claim form submissions, nine opt-outs, and no objections to the settlement (NYSCEF Doc No 54). Plaintiffs now seek final approval of the proposed settlement agreement.

**656099/2023   GUARNASCHELLI, ROBERT vs. EAST RIVER MEDICAL IMAGING, P.C.**
**Motion No.  006**

**Page 1 of 5**

1 of 5

Pursuant to CPLR § 908, court approval is required for any compromise of a class action. A court may approve the settlement of a class action only if the proposed settlement is fair, adequate, reasonable and in the best interest of class members (*Gordon v Verizon Commcs.*, 148 AD3d 146, 156 [1st Dept 2017]). This review must consider the following factors: the likelihood of success, the extent of support from the parties, the judgment of counsel, the presence of bargaining in good faith, and the nature of the issues of law and fact (*id.*, citing *In re Cold Indus Shareholder Litig. v Cold Indus.*, 155 AD2d 154, 160 [1st Dept 1990]). Approval is appropriate when "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval" (*In re Initial Pub. Offerings Sec. Litig.*, 226 FRD 186, 191 [SDNY 2005]).

Here, the parties, through experienced and competent counsel, engaged in litigation and arms-length negotiations before arriving at this proposed settlement. The final settlement fund will provide the significant benefit of immediate payment to impacted class members. Further, continued litigation in this matter poses significant risks to the class in establishing both liability and damages, and resolution would depend on the determination of complex factual and legal issues. All parties fully support the settlement and plaintiffs' counsel recommends approval based upon their experience and detailed knowledge of the strengths and weaknesses of the case. Finally, though not all class members received notice, "[i]t is widely recognized that for the due process standard to be met it is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected," and counsel did act reasonably in mailing and e-mailing the notice as directed by the court's June 24,

656099/2023   GUARNASCHELLI, ROBERT vs. EAST RIVER MEDICAL IMAGING, P.C.          Page 2 of 5
Motion No.  006

2 of 5

[* 2]

2024 order (*In re Prudential Securities Inc. Ltd. Partnerships Litig.*, 164 FRD 362, 368 [SDNY 1996] [citing *Weigner v The City of New York*, 852 F2d 646, 649 [2d Cir 1988]]).

Awards, Fees, and Costs

Counsel for the class seeks an award of $616,666.66 in fees, which constitutes one third of the gross settlement fund, plus $12,381.77 in litigation costs (NYSCEF Doc No 54). Pursuant to CPLR § 909, fees are awarded "based on the reasonable value of legal services rendered." The fees sought are reasonable in light of the ultimate benefit to the class, the complexity of the facts and law, the amount of time spent litigating and settling this action, and that the case was taken on a contingency fee basis (*Gilliam v Addicts Rehab. Ctr. Fund*, 2008 U.S. Dist. LEXIS 23016, 5 [SDNY 2008] [granting one-third of the settlement fund]; *cf Sheridan v Police Pension Fund, Art. 2*, 76 AD2d 800 [1st Dept 1980] [factors to consider include risks of litigation, standing of counsel, complexity of the case, and amount recovered]).

The service award of $1,000 each to plaintiffs Robert Guarnaschelli, Nicolas Carovillano, Eslaye Devine, John Dunne, Rachael Kuecher, Jennifer Lowe, Alba Avila Quintana, Alan Resnick, and Raymond Nardo is reasonable, given the time they invested by providing counsel with relevant documents, participating in litigation, and assisting in the settlement process (*Johnson v Brody*, 2023 U.S. Dist. LEXIS 93260 *4 [SDNY 2023] ["Service Awards of $1,000.00 each to each of the [] Named Plaintiffs" approved as "fair and reasonable under the circumstances"]; *Local 1180, Communs. Workers of Am. v City of New York*, 392 F Supp 3d 361, 376 [SDNY 2019] [approving the "relatively modest" service awards of $1,000 each]).

The administrative expenses are not specified in the instant motion (NYSCEF Doc Nos 68 [proposed order providing that "costs of Settlement Administration . . . shall be paid in accordance with the terms of the Settlement Agreement], 55 [settlement agreement defines

[* 3]

administrative expenses as "all charges and expenses incurred by the Settlement Administrator as agreed upon by both Parties or by order of the Court in the administration of this Settlement"]). Therefore, the parties will be directed to submit additional papers detailing the fees sought.

Accordingly, it is

ORDERED that the motion for final approval of the settlement is granted and the settlement is approved based on the determination that the settlement as set forth in the settlement agreement is fair and reasonable; and it is further

ORDERED that the class members and named plaintiffs release all claims against defendant relating to the class action as set forth in the settlement agreement; and it is further

ORDERED that class counsel's attorneys' fees in the amount of $616,666.66 and litigation costs in the amount of $12,381.77 are approved and awarded to class counsel; and it is further

ORDERED that the service fees of $1,000 each to plaintiffs Robert Guarnaschelli, Nicolas Carovillano, Eslaye Devine, John Dunne, Rachael Kuecher, Jennifer Lowe, Alba Avila Quintana, Alan Resnick, and Raymond Nardo is approved and awarded to them; and it is further

ORDERED that within twenty days of entry of this order, plaintiffs' counsel shall submit the amount of administrative fees incurred in connection with this action; within fifteen days thereafter, defendant's counsel may submit any objections to the fees and costs sought by plaintiff; submissions shall be submitted via NYSCEF and emailed to the Part 47 Clerk; and it is further

ORDERED that the court retains jurisdiction over this action for the purposes of enforcing the settlement agreement, and the parties shall abide by all the terms of the settlement agreement which are incorporated herein; and it is further

656099/2023   GUARNASCHELLI, ROBERT vs. EAST RIVER MEDICAL IMAGING, P.C.          Page 4 of 5
  Motion No.  006

4 of 5

ORDERED that the case is dismissed according to the terms of the settlement agreement

and the Clerk shall enter judgment accordingly.

20250513120448PGOETZ6D489692BD6641098B99EB3F42C7A1D8

__5/13/2025__
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 5]